BELSOME, J.,
dissents with reasons.
hi respectfully dissent. This Court’s review of the record is to determine if a rational trier of fact could have found the defendant guilty beyond a reasonable doubt. See Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). As a Court of review, we are not permitted to substitute our interpretation of the evidence for that of the fact finder. State v. Pigford, 05-477, p. 6 (La.2/22/06), 922 So.2d 517, 521. Applying that standard of review, I find that the record before this Court presents sufficient grounds to uphold Mr. Greene’s conviction and sentence under La. R.S. 14:68 [1].
Mr. Greene’s testimony confirmed that although he was not licensed as a contractor in Louisiana, he entered into an agreement with Ms. Blanks to repair her Katrina damaged home for $67,100.00. Pursuant to that agreement, Ms. Blanks provided Mr. Greene with a deposit of $25,700.00. Shortly thereafter, Ms. Blanks terminated the agreement after only $4,600.00 of work had been completed. Mr. Greene admitted that the remaining $21,100.00 was used to fund other jobs, pay workers and pay himself a $1,500.00 a week salary. Mr. Greene did not provide a |2precise accounting of the money but he confirmed that it was used for his benefit even after he was terminated by Ms. Blanks.
On October 31, 2006, Ms. Blanks made a demand for the balance of her money to be returned to her within twenty-four hours. By November 15, 2006, Ms. Blanks had not received any funds or had any communications with Mr. Greene, so she filed a complaint with the appropriate authority. That complaint was reviewed on November 30, 2006 and a meeting took place between the detective in charge and Mr. *282 Greene. At that meeting, Mr. Greene claimed he would pay Ms. Blanks back $5,000.00 a month beginning on December 31, 2006, two months after Ms. Banks demanded the unused funds. Ms. Blanks testified that waiting to receive $5,000.00 increments was unacceptable because she needed her money to pay rent as well as the mortgage on her damaged property. Subsequently, Mr. Greene was arrested.
After hearing the testimony and examining the evidence, the trial court concluded that Mr. Greene “clearly used [Ms. Blanks] money by fraudulent means, practices or representations for his own personal gain.” Accordingly, Mr. Greene was convicted of unauthorized use of a movable in excess of $1,000. Based on the record, I would affirm the conviction and sentence.

. La. R.S. 14:68, which provides in pertinent part:
A. Unauthorized use of a movable is the intentional taking or use of a movable which belongs to another, either without the other’s consent, or by means of fraudulent conduct, practices, or representations, but without any intention to deprive the other of the movable permanently.